NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY EDWARD POIT, JR., : | |
| : | Civil Action No. 05-1281 (FLW) |
| Petitioner : | |
| : | |
| v.  : | **OPINION** |
| : | |
| UNITED STATES OF AMERICA : | |
| : | |
| Respondent : | |

APPEARANCES

For Plaintiff:

HENRY EDWARD POIT, JR., PRO SE
#40529-050
FCI FAIRTON
P.O. BOX 420
FAIRTON, NJ 08320

For Defendant:

JASON M. RICHARDSON
OFFICE OF THE U.S. ATTORNEY
CAMDEN FEDERAL BUILDING
401 MARKET STREET
P.O. BOX 1427
CAMDEN, NJ 08101

**WOLFSON, United States District Judge**

This matter was opened to the Court by Petitioner Henry Edward Poit, Jr. ("Petitioner"), pro se, seeking to vacate, pursuant to 28 U.S.C. § 2255, his sentence imposed on December 10, 2002 of 77 months of imprisonment and 3 years of supervised release as a result of his guilty plea

to a one-count indictment for possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1),(2).  Petitioner contends that his sentence violates the United States Supreme Court's holdings in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) because his prior convictions were never submitted to a jury.  The Court has considered the parties' papers pursuant to <u>Fed.R.Civ.P.</u> 78, and for the reasons stated below, Petitioner's § 2255 motion is denied.

I.      BACKGROUND

On August 16, 2002, Petitioner entered a plea of guilty to a one-count indictment for possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1),(2).  In a judgment dated December 10, 2002, the Court determined that Petitioner's total offense level was 21**.**  <u>See</u> Judgment in Criminal Case No. 02-292 (SMO), at Statement of Reasons.  The Court also found that Petitioner had a criminal history category of VI pursuant to § 4B1.1 of the Federal Sentencing Guidelines.  <u>See id.</u>  Combined with his offense level of 21, Petitioner had a Guidelines range of 77 to 96 months in prison.  <u>See id.</u>  The Court ultimately sentenced Petitioner to 77 months of imprisonment, followed by 3 years of supervised release.  <u>See</u> Judgment in Criminal Case No. 02-292 (SMO).  Petitioner did not file a direct appeal of his sentence to the United States Court of Appeals for the Third Circuit.

On March 4, 2005, Petitioner filed a § 2255 motion to vacate, set aside or correct the December 10, 2002 sentence.  Petitioner argues that he attempted to appeal his sentence, which he believes should have been based upon an offense level of 17, but his attorney withdrew his appeal without his permission.  Petitioner also argues that under <u>Blakely</u> and <u>Booker</u> he is

"serving an illegal sentence," because <u>Blakely</u> and <u>Booker</u> "concern unfair bargaining by a prosecutor or 'Bait and Switch' tactics to induce a defendant to waive trial rights in exchange for a promised sentence."  He further agues: "I believe this [bait and switch] is exactly what happened to me.  I was promised sentencing at level 17 in exchange for my agreement to waive trial.  In fact, I was finally sentenced at level 21."

II.     DISCUSSION

At the outset, the Court notes that Petitioner's reliance on <u>Blakely</u> is misplaced. <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), established that, at sentencing, a judge could enhance a sentence based on facts, other than a prior conviction, not admitted by the defendant or found by the jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 490.  <u>Blakely</u> simply extended <u>Apprendi</u> and found that the State of Washington's determinate-sentencing scheme violated the Sixth Amendment right to a jury trial because judges were imposing sentences that were not based solely on the facts reflected in the jury verdict or admitted by the defendant, and were using a preponderance of the evidence standard to find the facts necessary to that imposition. <u>See</u> <u>Blakely</u>, 124 S.Ct. at 2536-39.  The <u>Blakely</u> court also found that the "statutory maximum" for <u>Apprendi</u> purposes, is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  <u>See</u> <u>id.</u> at 2537 (internal citation omitted).  However, <u>Blakely</u> expressly reserved decision on whether such rule also applies to the Federal Sentencing Guidelines.  <u>See</u> <u>id.</u> at 2538.  The Supreme Court in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) subsequently applied <u>Blakely</u>'s holding to such  Guidelines.  Therefore,

Petitioner must demonstrate that Booker, not Blakely, is retroactively applicable to his case.

In the instant matter, the Court finds that Petitioner does not have a valid § 2255 claim. The Third Circuit has unequivocally held that Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker was issued. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (stating that "[e]very federal court of appeals to have considered whether Booker's new rule constituted a 'watershed' rule that would satisfy [the ruling in Teague v. Lane, 489 U.S. 288 (1989)] has held that it does not, and thus, has held that Booker does not apply retroactively to cases on collateral review." (citations omitted)). Here, Petitioner did not file a direct appeal to the United States Court of Appeals for the Third Circuit. If a defendant does not pursue a timely direct appeal to the court of appeals, his conviction and sentence become final on the date on which the time for filing such an appeal expired. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999); Miller v. Dragovich, 311 F.3d 574, 579 (3d Cir.2002). In a criminal case, a defendant's notice of appeal must be filed within 10 days after the later of the entry of judgment or the filing of the government's notice of appeal. See Fed.R.App.P. 4(b)(1)(A). Therefore, Petitioner's judgment became final on December 24, 2002.[1] This date is almost 25 months prior to the issuance of the decision in Booker. Thus, under Lloyd, Petitioner clearly does not have a viable § 2255 claim. Furthermore, the plea agreement into which Petitioner entered makes clear that the United States Attorney's Office "cannot and does not make any representation or promise as to what guideline range will be found applicable to Henry Edward Poit, Jr., or as to what sentence Henry Edward Poit, Jr. will ultimately receive." Plea Agreement with Henry Edward Poit, Jr. at 2.

---

[1] Under Fed.R.App.P. 26(a)(2), Saturdays, Sundays and legal holidays are excluded from the computation of time. Therefore, the 10-day period in which Petitioner had to file an appeal expired on December 24, 2002. See Fed.R.App.P. 26(a)(2)-(3).

**III.    CONCLUSION**

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct his December 10, 2002 sentence pursuant to 28 U.S.C. § 2255 is hereby denied.  The Court will issue an appropriate order.


Date: June 15, 2005


                                           s/ Freda L. Wolfson
                                         Honorable Freda L. Wolfson
                                         United States District Judge